[Attorney Info]

| | |
|---|---|
| **TERRY J. SETZER, individuals** )<br><br>**Plaintiffs,** )<br>**vs.** )<br>)<br>**LAND ROVER BEDFORD;** )<br>**SPONSOR / SELLER (DOE 1);** )<br>**DPOSITOR (DOE 2); TRUSTEE (DOE** )<br>**3); ISSUING ENTITY TRUST (DOE** )<br>**4); AND DOES 5-100 INCLUSIVE.** )<br>)<br>**Defendants.** )<br>)<br>)<br>)<br>_____ )<br>)<br>)<br>)<br>) | **[INSERT JURISDICTION SPECIFIC CAPTION/STYLE HERE]** |



3:16 cv972(JAM)

2016 JUN 20 PM 3 44

U.S. DISTRICT COURT

FILED

## PLAINTIFF'S ORIGINAL PETITION/COMPLAINT

COMES NOW, Plaintiff, TERRY J. SETZER, complaining of the above named defendants, and in support thereof would show the Court:

## I. INTRODUCTION

1.      This case by Plaintiff, once a consumer debtor of Land Rover Bedford, brings this action for 1) unjust enrichment; 2) violation of the Fair Credit Extension Uniformity Act ("FCEUA"); 3) violation of the Fair Debt Collection Practices Act ("FDCPA"); 4) Negligent and Intentional Infliction of Emotional Distress; 5) Racketeering; 6) Declaratory Judgment; and 8) Equitable and Injunctive relief.

2.      At least since December 15, 2013, the Defendants have engaged in a scheme whereby they issue Auto Loans to consumers and then seek to collect the amounts allegedly do to them which are not legally due to them.

## II. PARTIES

3.      Plaintiff will need to propound discovery on Defendants to obtain further information to determine the securitization parties involved in the instant transaction. These parties will be added as DOES 1 to 100 when determined.  Land Rover Bedford is corporation, and in the typical Securitization Scenario, Land Rover Bedford would sell the account to SPONSOR / SELLER (DOE 1) after a balance is created. SPONSOR / SELLER (DOE 1) then sells the account to DEPOSITOR (DOE 2) who sells to TRUSTEE (DOE 3).   TRUSTEE (DOE 3), then holds the loan as trustee for the ISSUING ENTITY TRUST (DOE 4) , which was then buying Defendant Land Rover Bedford Corporate debt.

4.      The ISSUING ENTITY TRUST (DOE 4) then underwrites a bond offering. The bonds are placed into tranches from senior debt to junior debt and each tranches has a certain amount of assets. Defendant Land Rover Bedford still services the account by sending out bills and accepting payment. However, Defendant Land Rover Bedford  has given up ownership rights, as required under contract, to the ISSUING ENTITY TRUST DOE 4; therefore Land Rover Bedford and its affiliated or successor entities have given up their rights to sue its cardholders when they default on their debt because Land Rover Bedford intentionally sold and relinquished its beneficial interest in Land Rover Bedford accounts.  Despite this fact, Land Rover Bedford has continued to pursue, along with its

2

affiliates and the defendant law firms, collection lawsuits against Plaintiff to recover the obligations allegedly owed on the Land Rover Bedford accounts.

5.     Plaintiffs continues to suffer monetary damages as a result of defendants' unlawful and improper conduct including, but not limited to, making payments to defendants and or incurring other costs related to the defense of defendants improper efforts to collect relinquished debts from plaintiffs and the class.

### III. JURISDICTION AND VENUE

6.     Jurisdiction of this Court arises under FDCPA, 15 U.S.C. § 1692k (d), FCEUA, 73 P S §22709 28 U S C §1331 (federal question) and §1367(a) (supplemental jurisdiction), Racketeering influenced and corrupt Organizations Act 18 section 1962 (hereinafter referred to as RICO). Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiffs claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

### IV. THE AUTO LOAN SECURITIZATION AND DEBT COLLECTION SCHEME

7.     At all times relevant hereto, Land Rover Bedford's primary revenues came from interest income on loan receivables, securitization income derived from the transfer of auto loan receivables, securitization trusts, and subsequent issuance of beneficial interests through securitization transactions (hereinafter referred to as "the securitization").

8.      In order to earn securitization income from the Auto Loan securitization, Land Rover Bedford sold its Auto Loan receivables to the ISSUING ENTITY TRUST (DOE 4).

9.      The Auto Loan securitization process is set forth in the amended and restated Pooling and Servicing Agreement ("PSA") between Land Rover Bedford, as seller, and the ISSUING ENTITY TRUST (DOE 4)- trustee.  A copy of the relevant portions of the PSA is attached hereto, incorporated herein and marked as **EXHIBIT "A". [Attach loan audit here]**.


## V. THE SETZER COLLECTION MATTER ALLEGATIONS

10.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein,

11.     On [date of lawsuit], Land Rover Bedford (or an assignee of Land Rover Bedford) commenced a collection lawsuit against plaintiff by filing the civil action complaint which is attached hereto as **EXHIBIT "____"**. An agent acting on behalf of Land Rover Bedford, in his individual capacity, verified in the Affidavit of Claim, the accuracy of the collection matter Complaint.

12.     Also, Plaintiff has continuously received account statements from Land Rover Bedford, on Land Rover Bedford letterhead, and plaintiff has always believed at the relevant times described in this petition that Land Rover Bedford was the beneficial interest holder of the debt, but upon learning of the probable securitization of his Auto Loans, as alleged herein, plaintiff no longer believes that is the case.

## VI. COUNT ONE – UNJUST ENRICHMENT

13.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

14.    Pursuant to the Pooling and Servicing Agreement, Land Rover Bedford surrendered its right to collect by lawsuit on the obligation of the Land Rover Bedford Auto Loan account. As set forth above, by way plaintiff said payments to Land Rover Bedford, benefits were conferred on Land Rover Bedford, After plaintiff's account was securitized, Land Rover Bedford continued accepting payments.  Additionally, Land Rover Bedford collected money from unlawful lawsuits it filed by selling accounts to collection firms and by filing lawsuits in its own name.

15.    Land Rover Bedford accepted, appreciated and has retained such benefits. Under such circumstances described above, it would be inequitable for Land Rover Bedford to retain such benefits without payment of value. The conduct of Land Rover Bedford was done willfully and in reckless disregard for the rights of plaintiff thereby making the award of punitive damages just and appropriate.

16.    WHEREFORE, Plaintiff, TERRY J. SETZER demands compensatory and punitive damages against the Land Rover Bedford, and the other defendants, both jointly and severally, in an amount in excess of $150,000.00, plus court costs, counsel fees, and such other relief as this.

## VII. COUNT TWO - VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA), 73, P.S. §§ 2270.1 - 2210.6 AGAINST Land Rover Bedford

17.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

18.    The alleged Auto Loan account obligation was a debt within the meaning of the FCEUA, 73 P.S. § 2270.3 Because he was allegedly obligated to pay the Auto Loan account debt, plaintiff is a "consumer" within the meaning of the FCEUA 73 P.S. § 2270.3 Because the Auto Loan account debt was alleged to be owed to it, Land Rover Bedford is a "creditor" within the meaning of the FCEUA 73 P S § 2270.3.

19.    Land Rover Bedford violated the FCEUA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt. FCEUA 73 P.S. § 2270.3

20.    Land Rover Bedford violated the FCEUA by falsely representing the character, amount, and/or legal status of a debt. 73 P.S. § 2270.4(b)(5)(ii).  Land Rover Bedford violated the FCEUA by attempting to collect an amount (including interest, fees, and charges) not expressly authorized by any agreement creating the debt or permitted by law. 73 P.S. § 2270.4(b)(6)(I).

21.    Pursuant to FCEUA, 73 P.S. §2270.5(a), if a creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation.

22.    WHEREFORE, Plaintiff respectfully request that the Court enter judgment in their favor and against all defendants for:

(a)    Actual damages, including but not limited to costs and attorney's fees to defend the collection matter;

(b)    Treble damages;

(e)     Costs and reasonable attorney fees; and

(d)     Such other and further relief as may be just and proper.

### VIII. COUNT THREE - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §§ 1692 -1692p, AGAINST ALL DEFENDANTS

23.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

24.     Each Land Rover Bedford account obligation was a "debt" within the meaning of FDCPA, 15U.S.C. § 1692a(5).  Because they were allegedly obligated to pay the Land Rover Bedford account obligation, plaintiff was a "consumer" within the meaning of FDCPA, 15 U S C § 1692a(3). THE ISSUING ENTITY TRUST DOE 4bought or was assigned Land Rover Bedford debt. Since Land Rover Bedford no longer owned the securitized debt it had previously written off, there was nothing for Land Rover Bedford to sell or to be assigned.

25.     Each of said defendants, at times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Based on said activity or activities, each of said Defendants was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692.

26.     Land Rover Bedford and the ISSUING ENTITY TRUST (DOE 4) , as the purported assignee of Land Rover Bedford, violated FDCPA by using false, deceptive,

and/or misleading representations and/or means in connection with the collection of the Land Rover Bedford account obligation, 5 U.S.0 § 1692(e).

27.    Said defendants violated FDCPA by falsely representing the character, amount, and/or legal status of the Land Rover Bedford account obligation. 15 U.S.C. § 16923(2)(A),

28.    Said defendants violated FDCPA by using a false representation or deceptive means to attempt to collect the Land Rover Bedford account obligation. 15 U.S.C. 1692e(i0).

29.    Said defendants violated FDCPA by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement creating the Land Rover Bedford account obligation or permitted by law, 15 U.S.C. § 192f(1).

30.    WHEREFORE, Plaintiff requests that the Court enter judgment in their favor and against said defendants, pursuant to FDCPA, 15 U.S.C. § 1602k(a), as follows:

(a)    Actual damages, including, but not limited to, costs and attorney's fees to defend the collection matter.

(b)    From each said defendant, statutory damages of $1,000.00 for each named plaintiff and, an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of such defendant; and

(c)    Costs of this action and reasonable attorney fees.

## IX. COUNT FOUR – INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31.    Plaintiffs and the Class incorporate by reference the foregoing paragraphs as though fully set forth herein.

32.    Pursuant to the PSA, Land Rover Bedford surrendered its right to collect on the obligation of the plaintiff when Land Rover Bedford accepted, appreciated, and retained such benefits of selling the note to DEPOSITOR (DOE 2), which in turn sold the note to the ISSUING ENTITY TRUST (DOE 4).

33.    This collection scheme caused the plaintiff emotional distress. The conduct of Land Rover Bedford was done negligently AND/OR intentionally and in disregard for the rights of plaintiff thereby making the award of punitive damages just and appropriate.

34.    WHEREFORE, plaintiff demands compensatory and punitive damages against the Land Rover Bedford, and the other defendants, both jointly and severally, in an amount in excess of:

a. $150,000.00, plus court costs, counsel fees and such other relief as this Honorable Court deems appropriate.

## X. COUNT FIVE - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS 18 USC section 1962

35.    Plaintiff incorporates and adopts the foregoing paragraphs of the complaint

36.    Plaintiff is a natural person and as such a person is within the meaning of 18 USC section 1963(3)

37.    Defendants-are corporate entities and as such are persons within the meaning of 18 USC section 1961(3)

THE ENTERPRISE

38.    Land Rover Bedford, DEPOSITOR (DOE 2), and the ISSUING ENTITY TRUST (DOE 4), and John Does 1 through 100, comprise three distinct groups of people

that together form an enterprise within the meaning of 18 USC section 1961(4).  Each and every individual is associated with the enterprise.

39.    The enterprise for more than three years has been engaged in activities that affect interstate commerce and remains continuous and open ended.

PATTERN OF RACKETEERING AND MAIL FRAUD

40.    Defendants have devised a scheme to defraud and obtain money by means of fraudulent pretenses by selling or assigning a debt that they no longer owned to the ISSUING ENTITY TRUST (DOE 4), and then misrepresenting its ownership of the debt while still collecting on such debts in its own name without actual ownership.

41.    Defendants have engaged In at least two acts of racketeering activity in interstate commerce through a pattern of racketeering activity including but not limited to mail fraud and bank fraud In violation of 18 USC section 1341, 1343 and 1344 to support a fraudulent scheme.

42.    Each of the uses of the mails and wires in connection with the defendants actions as herein described, which constitutes a separate act of mail and wire fraud and Is thus a predicate act which constitutes a pattern of racketeering activity.

43.    Each defendant agreed and conspired to engage in this illegal conduct. Plaintiff and the class has been forced and threatened to pay debts they did not owe constituting an injury to property within the meaning of 18 USC 1962 by actions of defendants and their cc conspirators In violation of 18 USC section 1962(c) and (d).

## XI. COUNT SEVEN - DECLARATORY AND INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

44.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein,

45.     An actual case and substantial controversy exists between plaintiff and the defendants with respect to their unfair or deceptive acts or practices and misleading misrepresentatives and non-disclosure of material facts relating to their debt collection practices.

46.     Defendants' conduct directly and proximately caused plaintiff significant damages. Defendants contend to the contrary. Therefore, the parties herein have adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory relief. Plaintiff, on behalf of himself and all others similarly situated, is entitled to adjudication declaring defendants' practice of perpetrating unfair or deceptive acts and misleading misrepresentations and non-disclosure of material facts

47.     Defendants continue their deceptive and misleading debt collection practices, and, therefore, defendants should be prohibited and enjoined from engaging in these practices in the future.

48.     WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against all defendants as follows:

(a)     A declaration that Land Rover Bedford, or any purported assignee of the note other than the ISSUING ENTITY TRUST (DOE 4), is not the proper plaintiff to sue to collect receivables that it has securitized, and by doing so, it and its counsel, the legal defendants, violates Fair Debt Collection Practices Act (FDCPA), and the RICO ACT.

(b)     An Order enjoining Land Rover Bedford, during the pendency of this

action and permanently thereafter, from suing any class members to collect receivables

that Land Rover Bedford has securitized, prosecuting or maintaining such a collection

proceeding, and/or otherwise representing to a current or former consumer account

holder that it remained the creditor.

## XII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, TERRY J. SETZER, respectfully requests this Court,

after jury trial on the merits, award damages as requested above, and for such other relief

as Plaintiff may show himself entitled.


[Signature of attorney]


104 Lexington Avenue #9
New Haven, CT 06513

(210) 268-1344